## LESSTER v. LAWYERS' SURETY CO.

(Supreme Court, Appellate Term.  February 8, 1900.)

1. RECEIVERS—PAYMENTS.
Where a receiver fails to pay over a sum as directed by the appellate court, his sureties are liable, notwithstanding he has paid out the sum under an order of the trial court, which the appellate court reversed.

2. COSTS—SEPARATE APPEALS.
Where separate appeals were taken from the same order by a plaintiff in foreclosure proceedings and by a receiver appointed in the proceedings, and the appeals were never consolidated, but were tried together for convenience, and were dismissed, with costs, the appellee is entitled to costs from each of the appellants.

Appeal from city court of New York, general term.
Action by William C. Lesster against the Lawyers' Surety Company.  From a judgment for plaintiff (62 N. Y. Supp. 430), defendant appeals.  Affirmed.
Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Norwood & Dilley, for appellant.

J. Baldwin Hands, for respondent.

MacLEAN, J. The plaintiff seeks recovery of the defendant upon a bond conditioned for the faithful performance of duty by a receiver appointed in certain foreclosure proceedings in this court, and upon its undertaking to pay costs and damages awarded against the receiver in his appeal from an order of the appellate division reversing a former. order of this court directing the receiver to pay over the rents from the property to the plaintiff in foreclosure, and directing the receiver forthwith to pay to the plaintiff herein the sum for which he sues in his first cause of action. The receiver failing to comply with the order of the appellate division, in force and unmodified, the trial court was left with nothing to do but to direct a verdict in favor of this plaintiff. At the time of the settlement of its order the appellate division, being apprised of the fact of the depletion of the funds, announced, "We have no right to consider the affidavit submitted on behalf of the receiver, and which in this instance was presented without notice to the other side, tending to show that the receiver has not sufficient funds now in hand with which to pay Lessster's claim," and that "the receiver must seek his relief by a proper motion."

As to the second cause of action, it appears that the plaintiff in foreclosure appealed from the same orders as did the receiver, even a month in advance of the latter, each appealing by separate notices, undertakings, returns, and notices of argument; that the appeals were never consolidated, but were argued together for the sake of convenience, and were dismissed, with costs,—clearly leaving the plaintiff entitled to costs from each of said appellants. The judgment must therefore be affirmed, with leave, however, to apply to the appellate division.

Judgment affirmed, with costs, with leave to appeal to the appellate division. All concur.